GEORGE W. CLARK, RESPONDENT, *v.* MARCUS D. SNYDER, APPELLANT.

*Practice — appeal from a Justice's Court — upon whom the notice of appeal must be served.*

On June sixteenth the plaintiff recovered a judgment in a Justice's Court. On June twenty-ninth he died intestate, leaving a wife and children him surviving. No administrators were appointed. On July third a notice of appeal was duly served on the justice, and the costs and fees were paid to him, and on the same day the notice was served on the widow, the county clerk and the attorney who appeared for the plaintiff on the trial in the Justices' Court.

*Held,* that the appeal was properly dismissed for the reason that the notices of appeal were not legally served upon any person authorized by law to be so served, and that no appeal is provided for in such a case. (HARDIN, P. J., dissenting.)

APPEAL from an order of the Chemung County Court, dismissing an appeal taken from a judgment of a Justice's Court.

*Daily & Bentley,* for the appellant.

*Jno. T. Davidson,* for the respondent.

BOARDMAN, J. :

Judgment for the plaintiff was rendered in Justices' Court on the 16th of June, 1885. On the 29th of June the plaintiff died intestate, leaving a wife and children surviving him. No administrators have been appointed. On the third day of July a notice of appeal was duly served on the justice and costs and fees paid him. On the same day the notice of appeal was served on the widow, the county clerk and the attorney who appeared for the plaintiff on the trial in the Justices' Court.

The appeal, on motion of the parties so served, was dismissed because said notices of appeal were not legally served upon any person authorized by law to be so served, and that no appeal is provided for in such a case.

After a considerable search outside of the points of the parties for an authority to recognize such an appeal, we have been unable to find any and have finally concurred in the opinion of the learned county judge, that the appeal was not taken in pursuance of any authority of law, and was therefore properly dismissed.

The costs on a motion to dismiss such an appeal are properly awarded under section 3236 of the Code. Section 3066 provides for no costs on dismissing an appeal, because it is not brought to a hearing by either party. The uniform practice in this court has recognized the right to award ten dollars costs under section 3236 (*supra*), on dismissing an appeal for irregularity or want of jurisdiction.

The order of the County Court must be affirmed, with ten dollars costs and printing disbursements.

FOLLETT, J., concurred.

HARDIN, P. J. (dissenting):

It seems to me the defendant ought not to be deprived of the right to review the plaintiff's judgment by the death of the plaintiff. The time was too short after the death of plaintiff, before the expiration of the time to appeal, to enable the defendant to procure the appointment of an administrator. In good faith a notice of appeal was served upon the justice, and the defendant ought to be allowed any relief needed to perfect his appeal. (Code of Civ. Pro., § 3049; *Gutbrecht* v. *P. P. and C., I. R. R. Co.*, 28 Hun, 497.)

Until the persons who made the motion in the County Court are made parties to this action, they have no standing in this court from which to move the court.

My own impression is that the order of the County Court should be reversed, with ten dollars costs and disbursements.

Order of County Court of Chemung county affirmed, with ten dollars costs and disbursements.